UNITED STATES DISTRICT COURT FOR MASSACHUSETTS

Robert J. More
Plaintiff

V                                      Case No.

United States Securities And Exchange Commission,
Agent John Doe, Agent Jane Doe, David London,
Stock Generation Ltd, John Doe, Jane Doe
Defendants



## VERIFIED COMPLAINT

INTRODUCTION:

1.  This is a complaint stating causes of action against the Defendant United States Securities And Exchange Commission ("SEC") and various individual Defendants on several bases including civil RICO (18 U.S.C. 1961 et seq.), conversion, fraud, 42 U.S.C. 1983 - violation of constitutionally protected rights under the color of law and pretext of legitimacy, 42 U.S.C 1985 (2), and possibly several other claims including a possible Civil False Claims Act count and a possible Federal Tort Claims Act count; and against Defendant Stock Generation Ltd ("SG") and various individual SG Defendants for civil RICO, conversion, fraud, and various other claims to be completely enumerated and whose particulars will be fully explicated at a later date as circumstances permit.

2.  On 8/8/04, the Plaintiff ("RJM") did mail to this Court a copy of the document whose caption and title are herein included infra:

UNITED STATES DISTRICT COURT FOR MASSACHUSETTS
In re:

Securities and Exchange Commission

V                                      Case No. 00-11141-GAO

Stock Generation Ltd et al

Petitioner Robert J. More's ("RJM") Initial, Preliminary, Inchoate, Condensed, Verified Petition To Obtain Review Of Decision Issued By The United States Securities And Exchange Commision ("SEC") To Reject His Claim For Recovery Of The $4475.99 He Had Possessed in Stock Generation Golden Nuggets ("SGGN") Acccount No. 0463353664, Obtain An Order Requiring The SEC To Compensate RJM Adequately For All Losses Its Activity Has Caused RJM, To Issue An Order Requiring the Court Clerk To Accept Electronic Filings From RJM In Regard To Any And All Document(s) Which RJM May Have To File In This Case In The Future And For Such Other Forms Of Relief As Are Contained In The Prayer For Relief Contained In This Petition

3.  Subsequently he received a message from Judge O'Toole's clerk that the Court would not accept such document for filing.

4.  RJM repeatedly left messages for both of the Judge's clerks between the time he was notified of the clerk's position that it would not accept RJM's Petition and 8/30/04 explaining that RJM had filed exactly what the SEC had informed him he had to file to challenge whatever decision had resulted in RJM's name not having been included among the claimants and that the clerk was obliged to accept such filing.

5.  On 9/3/04, RJM was informed by Clerk M. Barrett that RJM had to speak to a Ms. Genes to resolve the matter of RJM's claim to have his Petition reviewed by the Court.

1

6. Ms. Genes was on vacation on 9/3/04 and RJM did not succeed in speaking with M. Barrett when he called him later in the afternoon.

7. So as to cover his moral and legal liability in regard to the matter of the money RJM lost due to the closing down of SG by the SEC, RJM herein files this complaint against both entities and various individual Defendants.

8. Since RJM has a sprained wrist and has great difficulty typing, this Complaint is being composed and will be filed in the most condensed form that the notice pleading requirements of the federal courts permit.

9. RJM will augment it as it occurs to RJM it is necessary for purposes of RJM's retention of the claims this Complaint regards, to augment it, as developments unfold; but given all of the matters relevant to the filing of this Complaint which RJM had to consider in filing it, the filing of this Super-condensed Complaint is as much as RJM was confident he could justify doing at this juncture.

10. There is simply no reason that RJM should have ever had to go to any expense in regard to obtaining the money he invested in Stock Generation and it is RJM's position that either SG or the U.S. ought have to compensate RJM for every expense he ever incurs in the recovery of that money.

11. RJM may add criminal complaints against any and/or all of the named Defendants and/or any Defendants that are later added to the case.

12. This Complaint had to be filed in its present form to prevent the expiring of what one or more Defendants might later claim, howsoever unjustifiably, would constitute the statute of limitations on any given count contained in this Complaint or later amendments thereto and it has been filed under duress, hardship and the practical impossibility of RJM's having completed it in any more complete a form than what is herein being filed.

## JURISDICTION

12. Jurisdiction of this court is invoked under; 28 U.S.C. 1331, 1337, 1343, and 1367(a); 42 U.S.C 1983, 1985 & 1988; and 18 U.S.C. 1961-1968 and various other statutes which will be fully enumerated in future amended complaints that will be filed in this case, if the Defendants do not agree to settle it. .

## VENUE

13. This Court seems to RJM to be the only logical venue in which to file this case according to the reasoning of F. R. of C. P. 42, which addresses the issues of judicial economy and conservation of scarce resources, since the SEC's case against SG was prosecuted here.

## PARTIES

14. The United States Securities And Exchange Commission is a federal agency subject to prosecution for the torts and crimes committed under the color of its authority.

15. Agents John Doe and Jane Doe, represent Defendants to be sued in the case after the names of all Defendants are obtained in discovery.

15. Defendant David London is a staff attorney for the SEC.

16. Defendant Stock Generation Ltd, is the entity from Dominica West Indies which never returned the estimated $9,000.00 that RJM invested in it in 1999.

17. Defendants John Doe and Jane Doe represent Defendants to be sued in the case after the names of all Defendants are obtained in discovery.

## FACTS

17. RJM transferred somewhere around $9,000.00 to Stock Generation Ltd in September of 1999.

18. Sometime in the Spring of 2000, RJM learned that SG had been closed down.

2

19.     RJM later contacted the SEC to acquire information regarding what RJM had to do to obtain the money he had transferred to SG in 1999.

20.     RJM received confirmations from Mr. David London that he need do nothing to recover what he had invested and lost and that no intervention into the case would be permitted as it was the SEC's position that the interest of those damaged by the closing of SG would be fully protected by the SEC.

21.     RJM relied on this conveyance of information from Mr. London and continued to wait for word of what was being done in the case.

22.     At various junctures, RJM contacted Mr. London and was on such occasions apprised of progress in the prosecution of the case.

23.     Sometime in early 2004, RJM communicated with Mr. London again and on such occasion was informed that RJM was not included in the list of those designated to be made whole for losses incurred by the SEC's closing of SG.

24.     Since that juncture, RJM has continued to research the various legal aspects of the matters this Complaint addresses and to implement the measures at any given juncture evidently needing implementation in order for RJM to retain a morally legitimate claim to do whatever has to be done within the limits of the moral law to ensure that no injustice at any time committed and/or present in the matters this Complaint addresses ("these matters") ultimately remains unrectified.

25.     Recent developments in these matters have been enumerated supra.

CLAIMS

Count I Civil RICO – SEC et al

26.     On the notice pleading standard, RJM puts the SEC and its individual Defendant representatives ("SEC et al") on notice, that according to the understanding of RJM in regard to these matters, that all of the elements of a civil RICO count for which such Defendants are liable are present in this case.

Wherefore, RJM moves this Honorable Court to grant judgment in favor of RJM in the amount of $9000.00. plus pre and post- judgment interest and reasonable attorneys fees, plus treble damages and whatever costs will have been incurred by RJM in the filing of this suit against the SEC et al.

Count II Conversion – SEC et al

27. On the notice pleading standard, RJM puts the SEC and its individual Defendant representatives ("SEC et al") on notice, that according to the understanding of RJM in regard to these matters, that all of the elements of a conversion count for which such Defendants are liable are present in this case.

Wherefore, RJM moves this Honorable Court to grant judgment in favor of RJM in the amount of $9000.00. plus pre and post- judgment interest and reasonable attorneys fees, plus whatever costs will have been incurred by RJM in the filing of this suit against the SEC et al.

Count III Fraud – SEC et al

28.     On the notice pleading standard, RJM puts the SEC and its individual Defendant representatives ("SEC et al") on notice, that according to the understanding of RJM in regard to these matters, that all of the elements of a fraud count for which such Defendants are liable are present in this case.

Wherefore, RJM moves this Honorable Court to grant judgment in favor of RJM in the amount of $9000.00. plus pre and post- judgment interest and reasonable attorneys fees, plus treble damages and whatever costs will have been incurred by RJM in the filing of this suit against the SEC et al.

Counts IV-VII

To be added later.

Counts VIII Civil RICO – SG et al

29.       On the notice pleading standard, RJM puts SG Ltd and its individual Defendant representatives ("SG et al") on notice, that according to the understanding of RJM in regard to these matters, that all of the elements of a civil RICO count for which such Defendants are liable are present in this case.

  Wherefore, RJM moves this Honorable Court to grant judgment in favor of RJM in the amount of $9000.00, plus pre and post- judgment interest and reasonable attorneys fees, plus treble damages and whatever costs will have been incurred by RJM in the filing of this suit against the SG et al.

Count IX Conversion – SG et al

30. On the notice pleading standard, RJM puts SG and its individual Defendant representatives ("SG et al") on notice, that according to the understanding of RJM in regard to these matters, that all of the elements of a conversion count for which such Defendants are liable are present in this case.

  Wherefore, RJM moves this Honorable Court to grant judgment in favor of RJM in the amount of $9000.00, plus pre and post- judgment interest and reasonable attorneys fees, plus whatever costs will have been incurred by RJM in the filing of this suit against the SG et al.

Count X – Fraud  SG et al

31.       On the notice pleading standard, RJM puts SG and its individual Defendant representatives ("SG et al") on notice, that according to the understanding of RJM in regard to these matters, that all of the elements of a fraud count for which such Defendants are liable are present in this case.

  Wherefore, RJM moves this Honorable Court to grant judgment in favor of RJM in the amount of $9000.00, plus pre and post- judgment interest and reasonable attorneys fees, plus treble damages and whatever costs will have been incurred by RJM in the filing of this suit against the SG et al.

Counts XI- XV
To be added later

Counts XV ….. – criminal charges and petitions for declaratory and injunctive relief to be added later.

JURY DEMAND

Plaintiff demand trial by jury.

I aver to the substantial truthfulness of all factual averments contained herein.

_____
Robert J. More

4