```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

ROBERT J. MORE,                )
          Plaintiff,           )
                               )
     v.                        )   C.A. No. 04-11972-WGY
                               )
SECURITIES AND EXCHANGE        )
COMMISSION, et al.,            )
          Defendants.          )
```

### MEMORANDUM AND ORDER

For the reasons set forth below, plaintiff is advised that his complaint is subject to summary dismissal and shall be dismissed unless plaintiff demonstrates good cause why his complaint should not be dismissed.

### REVIEW

Because plaintiff has moved to file without prepayment of fees, a summons has not issued in order to allow a preliminary review of plaintiff's complaint to see that it satisfies the requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915.

Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §

1915(e)(2). An *in forma pauperis* complaint may be dismissed *sua sponte* and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## DISCUSSION

On September 8, 2004, plaintiff Robert More of Chicago, Illinois, filed his *pro se* complaint asserting civil rights and RICO claims against the SEC, an SEC staff attorney, Stock Generation, Ltd., and several attorneys identified as John and Jane Does complaining, among other things, that the SEC failed to include plaintiff's claim in the securities fraud case they brought against SG Limited. See Complaint. Plaintiff seeks compensation for his $9,000 stock loss. Id.

This complaint fails to state a cause of action against any of the named defendants. More has no private right of action against the SEC for the acts complained of nor is London liable for any statements he made which may have lulled More into failing to protect his rights. Perhaps Stock Generation, Ltd., might be liable to More in this Court for some violation of the Securities laws, but the elements of such a claim are no where set forth in this complaint.

## CONCLUSION

Based upon the foregoing, plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) without further notice after thirty-five (35) days from the date of the accompanying Order, unless before that time plaintiff shows good cause, in writing, why his complaint should not be dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>6th</u> day of <u>January</u>, 2005.

<u>/s/ William G. Young</u>
WILLIAM G. YOUNG
CHIEF UNITED STATES DISTRICT JUDGE