UNITED STATES DISTRICT COURT FOR MASSACHUSETTS

Robert J. More
Plaintiff
V
                                                    Case No. 04-11972 WGY
United States Securities And Exchange Commission,
et al.,
Defendants

PLAINTIFF'S ("RJM'S")VERIFIED MOTION OF 2/5/05 FILED UNDER PROTEST, IN WHICH HE SEEKS TO HAVE THIS COURT; 1. SUMMARILY STRIKE ITS ORDER OF 1/6/05, OR IN THE ALTERNATIVE JUSTIFY NOT DOING ACCORDING TO A NONCOUNTERFEIT STANDARD AND IN SUCH SCENARIO, THEN GRANT AN EXTENSION OF TIME WITHIN WHICH RJM MIGHT DEMONSTRATE GOOD CAUSE AS TO WHY THE COURT COULD NOT POSSIBLY JUSTIFY DISMISSING THE COMPLAINT FILED IN THIS CASE, AT THIS JUNCTURE, 2. APPOINT COUNSEL AT THIS TIIME, 3. TO GRANT LEAVE FOR RJM TO: a.) FILE ONLY ONE COPY OF THIS DOCUMENT, b.) FILE ALL FUTURE DOCUMENTS ELECTRONICALLY, c.) AMEND THE COMPLAINT AND d.) REMIT ONE DOLLAR TO THE CLERK TO DEFRAY THE COSTS OF THIS CASE e.) EITHER HAVE ALL DOCUMENTS INCLUDED IN U.S.D.C. of MA, CASE NO. 04-11972 WGY TRANSMITTED TO RJM WITHOUT DELAY OR ELSE TO ISSUE AN ORDER ENABLING RJM TO ACCESS THEM ON THE RACER SYSTEM WITHOUT COST, OR TO ISSUE SOME OTHER FORM OF RELIEF WHICH WOULD ENABLE RJM TO ACCESS THE DOCUMENTS HE WOULD NEED TO AMEND THE COMPLAINT AND FOR EACH AND EVERY OTHER FORM OF RELIEF SOUGHT IN THE PRAYER FOR RELIEF INCLUDED IN THIS MOTION

Now comes the Protagonist-Plaintiff, RJM, ("RJM") to respectfully move this Court to read the entirety of the contents of this document, and then summarily strike its order issued on 1/6/05 in this case or else to provide a confirmation under penalty of perjury that he has read every document to which reference is included in this motion and then provide findings of fact and conclusions of law in support of a refusal to so strike that order and grant RJM a telephonic hearing in order to preserve the issue of his not having done so, and then grant RJM an extension of time of 35 days from 2/10/05 or the date upon which such hearing would be conducted, whichever would be later, within which to file what would constitute his *preliminary documents to be filed in this case*, to include amongst other petitions., a petition therein for a declaratory judgment that the U.S. will have to compensate RJM for all expenses (including time consumed) incurred by RJM in the prosecution of the case this document concerns, in the scenario in which RJM would prevail in the case (ie 3/24/05 or some later date), and 35 days from that date within which to file both a motion to recuse this Court (if the conduct of the Court would not have been conducted on the protective side of the protective/predatory fault line to that juncture) and then (either) file an amended complaint and/or a document demonstrating good cause as to why this Court could not dismiss the complaint filed in the case this document concerns ("complaint" and "this case" respectively) without in so doing, incurring tort liability and felony liability under the provisions of among other sections of Title 18 of the U.S. Code, those of 3, 4, 242, 1503, 1961 and possibly 2381, for leave to file all documents in this case via electronic filing from this point onward, and for appointment of counsel; for leave to remit $1 to the Court Clerk to defray filing costs, and in the scenario in which this Court would not summarily grant each and all of the forms of relief herein enumerated, RJM would seek that the Court set a briefing and hearing schedule regarding the issue of whether there would have been any legitimate basis upon which the Court could have refused to provide such relief in regard to each separate item of relief sought, and in the scenario in which the Court would refuse to provide such schedule, RJM would petition it to establish a similar schedule in regard to the refusal to provide either such schedule or some other alternative form of relief that would enable RJM to ensure the preservation of all legitimate claims, regardless of whatever occurs in any judicial proceeding conducted in regard to this

1

case, so that it could never be justifiably claimed that any non-provision of any constitutionally protected measure of consideration such as procedural (or substantive) due process of law, or access to the courts under the *First Amendment Petition Clause* - which this Court is gravely obliged to provide to all citizens who continue to voluntarily abstain from the utilization of the means with which God has equipped them (ie what can be identified to constitute in a given case (WCBITCIAGC") the *non-excessive and otherwise under the circumstances present in a given scenario, not-unjustified, use of force* ("NENOUUF") to discharge the duties incumbent upon all able-bodied persons to satisfy the requirements of among other of the Ten Commandments, those of the Fourth, Fifth, and Seventh, to contribute to the protection of ones' own property, liberty, safety, health, morals and life and that of the other members of society (above all, by ensuring that exercises of government authority are never exercised outside of what WCBITCIAGC the acceptable limits within which such authority, in a given case, may and must, be, exercised, with impunity) - that would ever occur and/or be present in regard to the adjudication of this case, could be imputed to any non, mis or malfeasance on RJM's part and for the provision of findings of fact and conclusions of law in regard to any petition for relief ever denied, that would not in a given case, or any case, be inadequate in terms of the addressing of the facts of significance in a particular matter in sufficient particularity to ensure that justice would not be left undone in regard to the comparative complexity of (a) given matter(s) in issue, and citations to authority that would demonstrate what in RJM's reliance in a given matter on case precedents, statutes, constitutional principles, equitable principles and/or defined rules of moral theology would have been unjustified, in consideration of other suchlike precedents, statutes, principles, and rules as RJM would succeed in demonstrating how such reliance in a given case would have controlled his conduct, and in the scenario in which none of the above would be provided, for the Court to at least provide a confirmation that it has been informed that something analogous to an *offer of proof* in regard to each and every document that RJM would have provided in regard to a given matter, had the activity of the Court not prevented him from providing such in a given instance (ie via the denial of a given petition for relief), will be provided by a designated definite date, barring some development which would disable RJM, that any and all confirmations be provided under penalty of perjury, and in support and explanation whereof, RJM avers as follows:

1. On 1/30/05, RJM finally received a copy of an order issued in this case on 1/6/05, demanding that RJM show cause as to why the case ought not be dismissed.
2. RJM's landlord, in gross contravention of local ordinances, state statutes and the provisions of 42 USC 3601 et seq, has been endeavoring to evict RJM from his place of residence since 11/28/04, which has resulted in real hardship and considerable expense to RJM, not the least of which is that RJM did not receive a copy of such order until 24 days after it had been issued.
3. RJM finds it now necessary to move this Court to read the entirety of this document and the attached "Exhibit A" and strike its order of 1/6/05 or else justify not striking it, providing RJM an opportunity to respond to such development and then grant extension(s) of time within which RJM can respond to the Court's order of 1/6/05 itself.
4. RJM is still heavily burdened by the attempted eviction, and several other distressing legal problems that are the type of afflictions with which common burden-bearers such as RJM have become all-too-familiar in this decayed society especially given the conditions in which all but the atypical courts are found to be (cf. 5th C.C.A. Judge E. Jones, *The American Judicial System is Corrupt Beyond All Recognition*, and N.J. S.Ct. Judge A. Napolitano <u>Constitutional Chaos</u>, and too many other treatments of the topic to even begin to list them all here).
5. Truly, RJM has come to understand the words of Pope Pius XII, in the marrow of his bones, "The inversion of means and ends by which the value of an ultimate end is given to that which is only a means for accomplishing it and by which human persons are treated as mere means to an end, engenders unjust social structures, which render Christian conduct in keeping with the

2

5. commandments of the Divine law giver, difficult and almost impossible." (Address at Pentecost, June 1, 1941).

6. Notwithstanding the *not-so-convincing* tone, tenor and contents of the document of 1/6/05, the Judge to whom this document is addressed may be a bastion of competence, wisdom and rectitude, such is not the typical judge in America at this time.

7. RJM apologizes for the tone of resentment that may infect this motion, but RJM really resents the mis and mal-feasance of the SEC that has resulted in this case having to have been filed in the first place, and did not initially realize that this Court may never have read any of the documents which RJM endeavored to file in U.S.D.C. of Mass, Case No. 04-11972 WGY ("04-11972"), and may not have a clear idea of the specifics that lead RJM to file the complaint in this case. RJM herein proposes that this Court obtain copies of such documents and read them if it has not already.

8. There is no way that RJM can possibly get even all of the procedural and preliminary issues he needs to present to this Court in regard to the litigation of this case in preparation for a possible adverse ruling on the equivalent of a response to a dispositive motion (ie RJM's explanation of good cause to prevent dismissal), adequately presented in their constitutional dimension(s) in order to preserve all such issues for further review, presented to it by 2/10/05.

9. If the order of 1/6/05 is now stricken, RJM might never have to raise such issues

10. Corresponding to the duty to which RJM is subject, to help keep all exercises of government authority within acceptable limits, is of course, a right to superimpose whatever structure need be imposed in a given instance into a given proceeding in order to ensure that any exercises thereof are kept therein.

11. RJM can commit, barring the incurrent of some disabling adversity to get all procedurals and preliminaries presented to the Court by 3/24/05 or at least within 35 days of whatever date it would be upon which RJM would be provided a hearing in which to object to the Court's not now striking its own order, if it will not now do so; provided he is permitted to file them electronically or post them on a website in lieu of filing.

12. RJM has been driven into poverty by the types of activity this document concerns and can only print 10 pages of documents per day at the local library and cannot even afford postage costs, so he can only file one copy of any documents he files.

13. *The defendant takes the plaintiff as he finds him* (or makes him) and *the public is entitled to every man's evidence*, especially regarding govt. predations such as this case concerns.

14. RJM does not now have time to address the merits of his arguments against the complaint being dismissed, and should not have to until he is provided both the opportunity to file all documents electronically and to have counsel appointed.

15. Without access to the documents on file in 04-11972, RJM would not even know how this Court could justify not staying the proceedings in this case until RJM is provided access to those documents, without which such access, RJM would not know how he could amend the complaint. So RJM must also move the Court to stay the case until such access is provided.

16. In regard to whatever petitions contained in this motion that might ever be denied, RJM must preserve such for further review by presenting foundations to his objections to any denial issued and then obtaining either rulings on a given objection or a refusal to rule thereupon, so that RJM can then present a given claim to be certified for appeal.

17. The issues at stake in this case, a precursory consideration of which can be obtained by the consideration of the claims contained in the accompanying "Exhibit A" – a motion filed in the case (ie.04-11972), into which RJM was prevented from intervening and in regard to which RJM was never provided review of whatever decisions resulted in his being excluded from it which exclusion in turn so wholly unjustifiably prevented RJM from receiving the funds he had invested in Stock Generation ("SG"), are of staggering public and societal importance, beginning with that of with whether the government can in effect simply confiscate private property without providing any hearing in regard to a given confiscation, and after having conveyed information to

the owners thereof which would have falsely led them to believe that their legitimate interests were not being left unprotected by a given government action.

14. The public is entitled to have this Court require the S.E.C. to either return its ill-begotten gains – the money it has taken from SG, and to require SG to do likewise, to those who have lost money in the events this complaint concerns or to have to (an) provide explanation(s) as to why no such remission of funds would not be required to defeat the ends of injustice in these matters.

15. RJM is a Non-counterfeit Catholic and the money in issue has already been designated to the spiritual and corporal works of mercy of the True Catholic Church.

16. The Court is obliged to consider the matter of the legitimacy of a pro se complaint under the principles promulgated in the precedents of Conley v Gibson (_____U.S._____) and Haines v Kerner (_____U.S._____), the consideration that the federal courts only require notice pleading and that RJM completed a complaint that never would have had to have been completed at all, but for the presumptive mis and mal-feasance of actors (ie. S.E.C. actors), whose activity is conducted under the color of law and pretext of legitimacy (making it far more dangerous than private actor tortious and criminal activity), and whose salaries RJM is burdened with helping to pay, with torn ligaments in his wrist (it was in a full length cast for six weeks (see comp. par. #6)), rendering him able to type with only one hand, none of which matters were even addressed in the "Memorandum and Order" of 1/6/05 ("Order").

17. RJM possesses a constitutionally protected right to raise and if necessary, seek certification for appeal, of as many issues as he would understand it was necessary to present in these matters and the non-provision of adequate consideration by this Court in regard to such right, would render any adverse decision issued in this case, void ab initio and of no force and effect, besides incurring for any court that would act suchlike both tort and criminal liability.

18. RJM is overwhelmed with the type of problems burden-bearers encounter when predatory entities such as the S.E.C. in this case cannibalize them, under the pretext of protecting their interests and can write no more now without risking not getting this motion mailed in time to get it to Boston by 2/10/05.

19. RJM's right to the funds at issue in this case is so clear and free from doubt, that he would move for judgment on the pleadings against both Defendants, except for the fact neither has been served, and will so move once he has received the documents without which he does not see how he can amend the complaint.

20. RJM acknowledges that the whole issue of the subterfuge of sovereign immunity and the incalculable damage it has caused to the social order is one that burden-bearers in this Country can no longer justify leaving unrectified – as it has been used as a license to defraud, pillage, plunder, and cannibalize the populace, leaving nothing but devastation and ruin in its tragic wake.

21. This whole motion is filed under protest that RJM and his fellow burden-bearers cannot simply rectify the injustices perpetrated upon him (them) on (his) (their) own accord, but rather are constrained by the provisions of criminal laws from doing so, upon the presumption that there are forums maintained for purposes of the resolution of such claims on the merits thereof, that render vigilantism unjustified and illegal.

22. RJM cannot see how anyone could possibly claim that conditions in this Country, at this time, for burden-bearers are not substantially worse than were those in Massachusetts in 1775.

23. Just remedying the unjustified injuries, unjustified govt activity causes is an all-consuming endeavor, and it is RJM's position that accessing courts is too expensive an alternative at this juncture for burden-bearers as a means by which to remedy harms and rectify injustices, given the alternatives available (a system involving "trial by battle" that would not be incompatible with the principles enumerated in Pope Leo XIII's Encyclical Pastoralis, Officio (prohibiting dueling) (1891) would evidently be much less difficult to justify than the existing arrangement requiring burden-bearers to exhaust remedies such as by bringing cases to court in order to ultimately retain

4

a legitimate claim to use NEOUFUCGC in order to cover their moral liability in a given and in all, case(s)).

24. If the Court will not now strike its own order issued on 1/6/05 in this case, RJM would in that scenario have to respectfully demand a that the Court stay this case until RJM is provided access to all the documents on file in 04-11972 and a telephonic hearing before the Court so that RJM could pose a number of questions to the Court to which the Court would have to extemporaneously respond, and that this hearing be held after the Court would receive all of RJM's procedurals and preliminaries.

25. RJM also must respectfully demand that this Court read and provide a confirmation under penalty of perjury that it has read every word of the document RJM transmitted to the U.S.D.C. of Massachusetts on 8/7/04 in regard to Case No. 00-11141-GAO, in which RJM sought review of the S.E.C.'s entirely unjustified claim that RJM was not entitled to recover anything from what the S.E.C. had confiscated from SG. and that no decision adverse to RJM's interests be rendered until the Court has read the entirety of that document.

26. At the end of the adjudication of this case, RJM will seek an endorsement for deputization from the Court in the form of a *nihil obstat* (ie something less probative of support and a safer course for the endorser than the equivalent of an *imprimatur*).

27. Hopefully, once RJM is deputized, those inclined to use the machinery of the police state now in place in this Country to prey upon him (and other burden-bearers), will be deterred from doing so and RJM will never end up being unjustifiably injured other than by real accidents and will not have to file anything in any court, which would go a long way towards helping starve this everygrowing leviathan into submission under the yoke of the Rule of Law, which is a yoke that reduces the burden for all honest persons in the long run, howsoever onerous the burdens it entails are in the short run in a given case.

28. RJM herein reminds this Court that the Tucker Act grants jurisdiction over claims alleging that a plaintiff is entitled to payment from the treasury (Eastport SS Corp v U.S (178 Ct. Cl 599)), (_____ v. _____, 372 F. 2d 1002 and if less than $10,000.00 is claimed, a federal district court possesses jurisdiction over such claim.

29. Depending upon what is in the documents filed in 00-1141-GAO, a claim may also be present and pleadable on a *Bivens* theory.

30. RJM may also endeavor to file criminal charges on a *qui tam* basis against the S.E.C. and is entitled to do so under the Constitution.

31. This case must be prosecuted on the incontrovertible principle contained in the axiom *Qui parcit nocentibus, innocentibus punit,* and God willing, it will be.

Wherefore, suffering upon a diet of the bread of sorrow and the water of affliction (cf Pope Paul IV, Bull *Cum Ex Apostolatus Officio*, 1549) that is the lot of Non-counterfeit Catholics in their efforts to cover their moral liability – ie satisfy the requirements of the moral law, in all matters in regard to which an accounting will have to be provided, in these difficult and distressing times, in which evil has largely entirely overrun this land; RJM herein respectfully moves this Court to provide each and every form of relief included in the opening paragraph of this motion (wherein the provision of one form is not incompatible with than of another), most importantly to stay the adjudication of this case until RJM can receive access to the entirety of the documents on file in 00-11141-GAO, and to confirm that it has been informed that RJM will mail a copy of an augmentation to this motion and a proposed order in regard to this motion as soon as he can get it printed at the local library, not later than 2/9/05 at the latest, for the Court to wait for the reception of that document before ruling on this motion, and for whatever other forms of relief the Court would deem it necessary to provide at this time.
Under penalty of perjury, I aver to the veracity of all factual averments contained herein.
Respectfully submitted,
Robert J. More

5

UNITED STATES DISTRICT COURT FOR MASSACHUSETTS

In re:

Securities and Exchange Commission
V                                           Case No. 00-11141-GAO
Stock Generation Ltd et al

<u>Petitioner Robert J. More's ("RJM") Initial, Augmentation To The…Petitioner…'s Verified Petition To Obtain Review Of Decision Issued By The United States Securities And Exchange Commision filed on 8/8/04…</u>

Now comes the Petitioner, Robert J. More ("RJM") to move this Honorable Court to take notice of the complaint contained herein and in support whereof, RJM avers and explains as follows:

1. The macro issue that seems to be present in this case is one that has become so prevalent in this country at this time, that it cannot be overemphasized just how serious a problem it is and how critical it is for the future of this country that such problem be eliminated; should that future be a continued deterioration into total slavery in a police state or an insurrection to accomplish the recovery of the liberties that have been, over the past 140 years, by progressive increments, all but entirely lost, or a non-insurrection recovery of such liberties – if that is still a realistic possibility – the problem of government agencies of various sorts – such as is evidently the case with the SEC in this instance, and the federal government in general, preying upon the burden-bearing citizens of this country under the pretext of protecting such citizens.
2. There is a ubiquitous blindness in non-atypical representatives of government agencies whereby these persons become so engrossed in what is apprehended by them to be their self-interests, that they become all but entirely oblivious to the unjustified harm that the activities in which they participate inflicts upon those whom they have been commissioned to serve.
3. RJM will explicate this position much more thoroughly if necessary as developments in this affair would require, but suffice it, for now, for RJM to opine that he would not be the least bit surprised if not even one member of the SEC could understand just how "turned-in-upon-itself" the activity of the SEC appears to be to one such as RJM who has been so unjustifiably injured by such activity. The blindness of the atypical government official to the unjustified harm his or her activity causes burden-bearing citizens such as RJM never ceases to amaze RJM.
4. As Thomas A. Kempis explains in the second most widely read book in human history – <u>The Imitation of Christ</u> – "How truly few there are who do not seek themselves and know it not." The great majority seek what they apprehend to constitute their own interests to such an unjustified extent that they, in fact lose the capacity to apprehend the harm their conduct causes others. Selfishness destroys societies.
5. RJM is obliged to oppose all activity that is unjustifiably harmful to his "neighbors" (cf. Lk. 10:32) and to the social order in general and the activity of the SEC in the matters this document concerns certainly appears to deserve to be classified in that category.

Wherefore, Petitioner RJM moves this Court to take notice of the complaint about the evident blindness of representatives of the SEC contained in this document.

Respectfully submitted,
Robert J. More

1