UNITED STATES DISTRICT COURT FOR MASSACHUSETTS

Robert J. More
Plaintiff
V                                               Case No: 04-11972 WGY
United States Securities And Exchange Commission,
et al.,
Defendants

PLAINTIFF'S VERIFIED COMBINED MOTION OF 3/22/05 TO EXTEND TIME WITHIN WHICH TO FILE NOTICE OF APPEAL IN CASE SOMETHING GOES WRONG AND THIS DOCUMENT IS NOT RECEIVED BY THE COURT BY MONDAY 3/28/05, TO PRESENT HEREIN BOTH THIS NOTICE OF APPEAL, JURISDICTIONAL DOCKETING STATEMENT ON APPEAL TO THE U.S. COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE APPEAL THIS DOCUMENT CONCERNS, TO MOVE THIS COURT TO PERMIT RJM TO PROCEED ON AN INFORMA PAUPERIS BASIS ON APPEAL IN THIS CASE AND MOTION THAT PROVISION BE MADE FOR RJM'S BEING PERMITTED TO REMEDY WHATEVER PROCEDURAL DEFECTS IT MIGHT BE CLAIIMED WOULD BE PRESENT IN THIS DOCUMENT SO THAT NO COURT COULD EVEN TEMPORARILY SUCCEED IN PREVENTING RJM FROM GETTING THE EGREGIOUS INJUSTICE THIS APPEAL CONCERNS ACCEPTABLY RESOLVED UNDER ANY PRETEXT OR SUBTERFUGE

Now comes the Plaintiff/Appellant ("RJM") to: 1. affirm that the First Circuit Court of Appeals possesses jurisdiction to consider all of the issues that will be presented in this appeal, 2. provide to this Court the contents constituting the *notice of appeal* in this matter, 3. satisfy the docketing statement requirements of the operative rules, 4.
respectfully move this Court to: a.) in the event that for some reason this document would not be received by 3/28/05, extend the time within which RJM would be permitted to file the notice of appeal in the appeal this document concerns ("this appeal") until whatever date this document would be received by the Court, b.) permit RJM to proceed on an informa pauperis basis in this appeal, and c.) to provide some means by which RJM would be permitted to remedy any defects that it might be claimed would be present in this document so that no Court could even temporarily succeed in preventing RJM from getting the egregious injustice this appeal concerns acceptably resolved under any pretext or subterfuge and in support and explanation whereof, RJM avers as follows:
1. RJM vehemently objects to the response of the Court to his petition to file documents in this case electronically.
2. The Court could not be bothered to even address the issue of electronic filing before dismissing the complaint without even addressing the issue of RJM's motion for an extension of time within which to respond to the Rule to Show Cause.
3. Because the Court would not permit RJM to file electronically, RJM must herein move this Court for an extension of time within which to file the notice of appeal and docketing statement just in case, this document which will have been postmarked by at the latest, 3/23/05, would not for some reason, be received by the Clerk's Office by 3/28/05 – the due date for the notice of appeal in this case.
4. In the event that this document would not be received by that date, then RJM would move this Court to extend the time within which RJM can file the notice of appeal and docketing statement to whatever date this document is received by this Court.

NOTICE OF APPEAL

Notice is herein provided that R.J. More (Plaintiff), in the above named case, hereby appeals to the U.S. Court of Appeals for the First Circuit from the final judgment issued in this case on 2/10/05

1

(order dismissing the Plaintiff's case) and from the order issued on 2/24/05 in the case in which the Trial Court arrogated to itself the authority to classify a document dated and postmarked before 2/10/05 as a motion to reconsider the judgment of 2/10/05, did not even consider the documents RJM mailed to the Court in the intervening period between 2/10/05 and 2/24/05, and issued an order denying what was classified as the motion to reconsider on 2/24/05.

Robert J. More

## DOCKETING STATEMENT

The USDC for Massachusetts possessed jurisdiction over this case under; 28 U.S.C. 1331, 1337, 1343, and 1367(a); 42 U.S.C 1983, 1985 & 1988; and 18 U.S.C. 1961-1968 among other statutes and venue according to the reasoning of F. R. of C. P. 42, which addresses the issues of judicial economy and conservation of scarce resources, since the SEC's case against SG was prosecuted in that Court.
Defendant Stock Generation is, or at least was, a corporation whose principal place of business was claimed to be in Dominica of the West Indies, which was and is subject to the jurisdiction of United States Courts as it was doing business in the United States and had innumerable contacts with forums in this country.
The District Court possessed jurisdiction over all supplemental claims that this appeal regards as identified supra and as explicated in United Mine Workers v Gibbs, 383 U.S. 215 (1966).
Pursuant to 28 U.S.C. 1291 and F.R. of A.P. 3(a)(1), the United States Court of Appeals for the First Circuit possesses jurisdiction to consider appeals from the decisions of the USDC for Massachusetts when under F.R. of C.P. 58, such decisions are issued in and or, as, (a) final judgment.
Besides the issues of the Court's dismissal of the case, without providing RJM any of the relief he sought in the motion he timely filed in response to the Court's Rule to Show Cause, before the deadline by which RJM had been informed that it was the Court's position that RJM was required to respond to that Rule to Show Cause, in which RJM sought an extension of time within which to respond to that document; without even addressing the numerous issues RJM raised in that motion, and without which relief he had sought therein, he did not apprehend how he could continue to prosecute the case, RJM also raises the issue of the Court's classifying a document RJM mailed before the date upon which his case was dismissed as a motion to reconsider and the entire disregard of the motions RJM mailed to the Court before 2/24/05.
The U.S. Court of Appeals for the First Circuit, located at:
John Joseph Moakley
U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts 02210 is authorized to review appeals from the court that dismissed this case
The complaint this appeal regards stated causes of action against the Defendant United States Securities And Exchange Commission ("SEC") and various individual Defendants on several bases including civil RICO (18 U.S.C. 1961 et seq.), conversion, fraud, 42 U.S.C. 1983 - violation of constitutionally protected rights under the color of law and pretext of legitimacy, 42 U.S.C 1985 (2), and possibly several other claims including a possible Civil False Claims Act count and a possible Federal Tort Claims Act count; and against Defendant Stock Generation Ltd ("SG") and various individual SG Defendants for civil RICO, conversion, fraud, and various other claims which would have been completely enumerated and whose particulars would have been fully explicated had the Trial Court not permitted RJM's motion to amend the complaint.

There are no transcripts to be ordered in this case.
The Plaintiff incorporates the the entirety of the contents of the Application to Proceed In Forma Pauperis and Affidavit relative thereto filed in the Trial Court by reference as if fully set forth herein as the Plaintiff's financial condition is the same as it was when that document was so recently signed.
Wherefore, RJM herein submits the contents included supra and moves this Court to provide all forms of relief included in the opening paragraph of this document.

Under penalty of perjury pursuant to all applicable federal statutes, I aver to the veracity of all averments contained herein. Robert J More

p. 2